Charles H. Gaffney, S.
This is a proceeding brought by petitioners under section 118 of the Domestic Relations Law to abrogate the adoption of a 17-year-old boy whom they adopted when he was 4 years old. A citation was served upon the institution from which the boy was adopted. Upon the return day of the citation a special guardian was appointed for the boy. The special guardian has vigorously contested the abrogation. Petitioners rested on the testimony of each of the petitioners and the principal of the high school which the boy attended and the town constable. No testimony was adduced on behalf of the boy who was present at all stages of the proceeding. Briefs have been submitted by counsel for the petitioners and by the special guardian for the boy.
Under section 118 of the Domestic Relations Law the petitioners, in order to sustain this abrogation, are required to prove “wilful desertion of such foster parent by such foster child or because of any misdemeanor or ill behavior of such child. ’ ’ The statute further provides that ‘ ‘ If such judge or surrogate shall determine on the proofs made before him on the hearing of such application that the foster child has violated his duty toward such foster parent and that due regard to the interests of both requires that such adoption be abrogated, an order shall be made and entered accordingly ”, The petitioners each testified that the boy was difficult to handle from the time he was sent to kindergarten. He had a great deal of difficulty adjusting to the discipline of school. While he was in grammar school the problem increased to a point where the foster parents transferred the boy from a public school to a private school. No improvement in his conduct in school resulted. Apparently he was capable of making good grades but he got along poorly *156 with his classmates and teachers. His conduct and deportment were extremely poor. His difficulties in school culminated with his expulsion from high school. The foster parents consulted with a psychiatrist in an effort to make the boy correct his ways but such efforts were to no avail. They testified that the continuous trouble that they had with the boy caused them to lose any and all affection that they had for the boy. Their efforts have been many and varied but have proved fruitless. An interview with the boy in the presence of his special guardian indicated that he had no particular affection for either of his foster parents.
The testimony of the foster parents showed a pattern of disobedience, disrespect and lack of affection for the foster parents on the part of the boy. It is not necessary to detail here the long list of episodes which brought about this application.
The special guardian in opposing this proceeding places great emphasis upon the fact that in all aspects an adopted child stands in the same relationship to a foster parent as a natural child stands in relation to a natural parent. While this contention is substantially correct, nevertheless, sections 118 and 117 of the Domestic Relations Law provide statutory authority for either a foster parent or an adopted child, respectively, to abrogate the adoption and thereby terminate the relationship. There is no comparable provision in law for the natural child or parent.
It is with regret but with due regard for the interests of the foster parents and the foster child, both present and future, that I grant this application for the abrogation of the adoption. (Matter of Anonymous, 6 Misc 2d 83; Matter of Souers, 135 Misc. 521; Matter of Anonymous, 157 Misc. 951.)
At the present time the boy is living and working either in the State of New Jersey or in the New York Metropolitan area. In view of his status as an emancipated minor, I see no reason to return him to the institution from which he came.
Submit order in accordance herewith.